

J. BRUGH LOWER
Associate

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (973) 596-4581 Fax: (973) 639-6292
jlower@gibbonslaw.com

August 8, 2018

**VIA ECF**

Hon. John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

>     Re:   Chavez v. The British Broadcasting Corporation, et al.
>           Case No. 17-cv-9572 (JGK)

Dear Judge Koeltl:

      This firm and Kelly IP, LLP represent the British Broadcasting Corporation ("BBC"), Craig Fancy, Anna Bressanin, and Ilya Shnitser (collectively, "Defendants"), in the above-referenced matter. On June 26, 2018, Defendants filed a Motion to Dismiss (the "Motion") the Amended Complaint filed by Plaintiff Juan Pablo Chavez ("Plaintiff"). (ECF No. 16.) This letter addresses Plaintiff's recent filings in response to the Motion, including:

1) Plaintiff's July 30, 2018 "in camera" request for an extension of time until September 7, 2018, to file an opposition brief to the Motion, which Plaintiff notes will include a request for (a) leave to amend the named plaintiff in this action and/or (b) to transfer this action to the Eastern District of New York (E.D.N.Y.) or, alternatively, to dismiss the matter with leave to refile in the E.D.N.Y. by June 26, 2021 (ECF No. 31 (docketed 8/3/18); ECF No. 36 (docketed 8/7/18);

2) Plaintiff's August 6, 2018 Motion to "Compel the BBC to show proof that the music falsely designated is <u>NOT</u> by a composer from the Pixar movie Ratatouille?" and declaration in support thereof (ECF Nos. 33-34 (docketed 8/7/18)); and

3) Plaintiff's August 6, 2018 request for oral argument and to take notice of various email addresses (ECF No. 35 (docketed 8/7/18)).

**I.**    <u>Plaintiff's Motion to Extend Time (ECF Nos. 31 and 36)</u>

      Plaintiff represents that he was "in and out of the hospital" since his last extension request was granted and has since relocated to a new state. (ECF No. 31 at 25; ECF No. 36.) Based on that representation, Defendants do not oppose Plaintiff's request to extend his deadline to oppose Defendants' Motion to September 7, 2018.[1] Defendants, however, do oppose any request for leave to amend the complaint, transfer the matter to the E.D.N.Y., or refile in the E.D.N.Y. as discussed below.

---

[1] While Defendants do not oppose Plaintiff's extension request in light of Plaintiff's hospitalization, Defendants' professional courtesy should not be construed by Plaintiff as consent for Plaintiff to file any additional motions or papers other than Plaintiff's response to the pending Motion.

GIBBONS P.C.

Hon. John G. Koeltl, U.S.D.J.
August 8, 2018
Page 2

### (A) Plaintiff Should Not Be Granted Leave to Amend; Instead the Case Should Be Dismissed

Regarding leave to amend, Plaintiff states that one of his companies—TSE Management, LLC—is the "real party in interest" to his claims, not Plaintiff. As this Court already noted in its order granting Plaintiff's first extension of time to oppose Defendants' Motion, entities cannot appear in a federal litigation unless they are represented by counsel. (ECF No. 21.) Further, an artificial entity such as an LLC cannot proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-02 (1993) (holding that inmate association may not proceed *in forma pauperis* because the statute applies only to natural persons).

There being no indication that Plaintiff has obtained counsel or intends to obtain counsel, leave to amend should be denied.[2] Moreover, because the "real party in interest" is an unrepresented LLC that cannot proceed pro se or *in forma pauperis*, the Court may dismiss this action sua sponte. *See, e.g.,* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a dismissal pursuant to Section 1915(e)(2) may be sua sponte).

### (B) The Action Should Not Be Transferred to the E.D.N.Y. and Leave to Re-File by 2021 Should Be Denied

Though unclear, Plaintiff seems to be requesting leave to either transfer this action to the E.D.N.Y. or for leave to re-file this matter in the E.D.N.Y. by June 26, 2021 because "substantial events" occurred in Brooklyn, New York. (ECF No. 31 at 1.) The Amended Complaint, however, alleges that Plaintiff's claims arise from "a day of production in New York County and Kings County," (ECF No. 5 at ¶10), and Plaintiff sets forth no facts or evidence to substantiate that "substantial events" occurred in Brooklyn (Kings County) and not also New York County.

Plaintiff's request for leave to re-file a new action by June 26, 2021, is also without merit. Plaintiff argues that "the BBC has admitted on the face of their motion to dismiss to infringement," (ECF No. 31 at 2), such that (Defendants presume) the statute of limitations on Plaintiff's copyright claim would run until three years from the filing date of Defendant's Motion. Defendants, of course, have made no such admission in their Motion and it goes without saying that summarizing facts in a motion to dismiss relating to allegations of infringement does not itself amount to an act of infringement for purposes of starting anew the Copyright Act's

---

[2] On this point, Defendants note that Plaintiff Mr. Chavez may be attempting to hold himself out as an attorney from an organization that he created: "Reason Logic & Law." Plaintiff states in his July 30, 2018 letter (ECF No. 31 at 24) that he left a message with Defendants' counsel, Jason Joyal. That message was from a person "on behalf of Mr. Chavez," provided an email address as reasonlogiclaw@gmail.com, and provided the phone number 202-643-3LAW, which is the same phone number provided by Plaintiff in his recently-filed Notice of Change of Address. (ECF No. 32.) According to its Facebook page, "Reason Logic & Law" identifies itself as a law firm (see https://www.facebook.com/reasonlogiclaw).

GIBBONS P.C.

Hon. John G. Koeltl, U.S.D.J.
August 8, 2018
Page 3

statute of limitations.[3]

## II.   Plaintiff's "Motion to Compel" (ECF Nos. 33-34)

Plaintiff asks the Court to compel the BBC to show proof that the music in the video that forms the basis of Plaintiff's claims and Defendants' Motion is "NOT by a composer from the Pixar movie *Ratatouille*." (ECF No. 33.) Plaintiff filed a supporting, sworn declaration in which he says that the music in the video was actually composed by another person for the Disney movie *Ratatouille* that the BBC "falsely labeled [with] my exclusive managements [sic] mark." (ECF No. 34 at 1-2.).

These new, sworn statements change the theory of Plaintiff's case and undercut Plaintiff's copyright and trademark claims. Plaintiff now concedes that he—whether through his company TSE Management, "Johnny Arco" alter ego, or otherwise—is not the author of the music in the video and that the real author and copyright owner is the person who composed the music for the movie *Ratatouille*. (*Id.*) As such, Plaintiff's copyright claims can be dismissed for lack of ownership of a valid copyright. To the extent Plaintiff's trademark claims still rest on the theory that the music was falsely attributed to "Johnny Arco," those claims fail under the same *Dastar* analysis already briefed in Defendants' Motion. (ECF No. 17 at 15.)

## III.   Plaintiff's Request for Judicial Notice and for Oral Argument (ECF No. 35)

Plaintiff requests that the Court take "notice" of emails "to chambers" from three of Plaintiff's email addresses, and to order oral argument on Defendants' Motion. (ECF No. 35.) Defendants assume Plaintiff's request for notice of his emails is not a request for *judicial* notice under Fed. R. Evid. 201 (which Defendants would obviously oppose), but rather a request for the Court to note that Plaintiff may email documents related to this case from certain email addresses.

To the extent Plaintiff is seeking leave to email documents "to chambers" in lieu of submitting them to the *Pro Se* Intake Unit for filing via ECF, Defendants object to that request. And to the extent the Court allows Plaintiff to submit any filings or documents via his email addresses, Defendants request that Defendants' counsel be copied on all such emails. Indeed, Defendants advise the Court that to date, Plaintiff has not served any of his paper-filed documents on Defendants' counsel, including his first extension request that resulted in the Court's July 3, 2018 Order.

Finally, to the extent Plaintiff is requesting oral argument in lieu of filing an opposition to Defendants' Motion, Defendants oppose that request and ask that their Motion be decided on the papers.

---

[3] We note that Defendants, through counsel, have attempted to discuss with Mr. Chavez the merits of his claims, including potential ways to obviate the need for litigation. Mr. Chavez has been unresponsive in that regard.

GIBBONS P.C.

Hon. John G. Koeltl, U.S.D.J.
August 8, 2018
Page 4

                                            Respectfully submitted,

                                            <u>s/ J. Brugh Lower</u>
                                            J. Brugh Lower

cc:  Brian J. McMahon, Esq.
      Stephanie H. Bald, Esq.
      Jason Joyal, Esq.
      Juan Pablo Chavez (via First-Class Mail)