United States District Court
Southern District of New York

---

JUAN PABLO CHAVEZ,

                Plaintiff,

- against -

THE BRITISH BROADCASTING CORP. ET AL.,

                Defendants.

17 Civ. 9572 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiff, Juan Pablo Chavez, appearing pro se, brings this action against The British Broadcasting Corporation and several individual defendants: Craig Fancy, Anna Bressanin, and Ilya Shnitser. The plaintiff alleges causes of action for "copyright infringement, trademark infringement, false designation of origin, unjust enrichment, and unfair competition." (Am. Compl. ¶ 1, ECF No. 5.)

The defendants moved to dismiss the plaintiff's Amended Complaint on June 26, 2018. (Defs.' Mot. Dismiss, ECF No. 16.) On July 3, 2018, the Court granted the plaintiff an extension of time to respond, allowing him to file an opposition to the defendants' motion to dismiss by July 30, 2018. (July 3, 2018, Order, ECF No. 21.)

1

On July 30, 2018,[1] the plaintiff requested an extension of time to file an opposition to the defendants' motion to dismiss. (Pl.'s Decl. & Mot. for Leave to Amend, ECF No. 31.) The plaintiff requested September 7, 2018, as his new response date. (Id.) In his request, the plaintiff also noted that he may seek leave to amend the Amended Complaint to change the named plaintiff in this action and/or seek to have the case transferred to the United States District Court for the Eastern District of New York. (Id. at 1-2.)

On August 6, 2018, the plaintiff filed a motion styled as a motion to "[c]ompel the BBC to show proof that the music falsely designated is NOT by a composer from the Pixar Movie Ratatouille?," as well as a supporting declaration. (Pl.'s Mot. Compel, ECF No. 33-34.) That same day, the plaintiff also filed a letter requesting that (1) he be allowed to communicate with the Court by email (rather than through the Pro Se Intake Unit) and (2) the Court set a date for oral argument on the pending motion to dismiss. (Aug. 6, 2018, Chávez Letter, ECF No. 35.) The plaintiff then submitted another letter requesting an extension of time to file a response to the defendants' motion to dismiss. (Aug. 6, 2018, Chavez Letter, ECF No. 36.)

---

[1] The request was received by the Court on July 30, 2018; it was filed on ECF on August 2, 2018.

2

For the reasons discussed below, the plaintiff's request for an extension of time is **granted** and all other motions and requests are **denied**.

I.

The defendants do not oppose the plaintiff's request for an extension of time to respond to their motion to dismiss. (Aug. 8, 2018, J. Lower Letter, ECF No. 37.) Therefore, that request is **granted**. The plaintiff shall respond to the defendants' motion to dismiss by **September 7, 2018**. The defendants may reply by **September 21, 2018**.

II.

In his July 30, 2018, letter, the plaintiff appears to note that he may seek to amend the Amended Complaint to change the named plaintiff in this action. (Pl.'s Decl. & Mot. for Leave to Amend, at 1-2, ECF No. 31.) Although slightly unclear, the plaintiff seems to assert that one of his companies, TSE Management, LLC, should be added to the case because it is the "real party in interest" to his claims. (Id. at 2.) As the Court has previously stated, an LLC may not appear in a federal case unless represented by counsel. (See July 3, 2018, Order, ECF No. 21.) The plaintiff may not represent an LLC pro se. Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney.").

3

Therefore, insofar as plaintiff's letter included a request for leave to amend the Amended Complaint to add TSE Management, LLC, as a party, that request is **denied without prejudice**.

### III.

The plaintiff's July 30 letter also references transferring this case to the United States District Court for the Eastern District of New York. (Pl.'s Decl. & Mot. for Leave to Amend, at 1-2, ECF No. 31.) The plaintiff seems to request that this Court either transfer this case to the Eastern District or dismiss the case with leave for the plaintiff to refile there. (Id.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The burden of establishing the propriety of a change of forum under § 1404 rests on the moving party. John Wiley & Sons, Inc. v. Swancoat, No. 08CIV5672(JGK), 2009 WL 2486048, at *4 (S.D.N.Y. Aug. 14, 2009).

In the Amended Complaint, the plaintiff alleges that all of the relevant events arise from one day of production in New York County and Kings County. (Am. Compl. ¶ 10, ECF No. 5.) He further alleges that the Southern District of New York is the

4

proper forum for this case. (Id. ¶¶ 9-11.) However, in his July 30 letter, the plaintiff reverses gears, asserting that the "'substantial' events" of this case occurred in the Eastern District of New York. (See Pl.'s Decl. & Mot. for Leave to Amend, at 1, ECF No. 31.) The plaintiff does not provide any detail on this point. (See id.) The defendants oppose the plaintiff's motion – to the extent that it is a motion – arguing the plaintiff has not set forth facts or evidence to warrant transfer. (Aug. 8, 2018, J. Lower Letter, at 2, ECF No. 37.) The Court agrees – the plaintiff has not presented sufficient facts to warrant transfer to the Eastern District of New York. Furthermore, the Court notes that if the plaintiff dismisses this action in this District and subsequently files the case in the Eastern District of New York, it will be for that court to determine whether the case is properly filed in that district.

Therefore, insofar as plaintiff's letter included requests that the case be transferred to the United States District Court for the Eastern District of New York or that the case be dismissed with leave for the plaintiff to refile there, those requests are **denied without prejudice**.

### IV.

On August 6, 2018, the plaintiff filed a motion styled as a motion to "[c]ompel the BBC to show proof that the music falsely designated is NOT by a composer from the Pixar Movie

5

Ratatouille?" as well as a supporting declaration. (Pl.'s Mot. Compel, ECF No. 33-34.) However, what the plaintiff calls a motion to compel appears to be a partial response to the defendants' motion to dismiss. The defendants argue that the plaintiff's letter cuts against the plaintiff's espoused theory in the Amended Complaint, and warrants dismissal of the Amended Complaint. (Aug. 8, 2018, J. Lower Letter, ECF No. 37.) In any event, the defendants already have a pending motion to dismiss to which the plaintiff may respond with his arguments. Therefore, the August 6, 2018, motion to compel is **denied as moot.**

## V.

On August 6, 2018, the plaintiff filed a letter requesting that (1) he be allowed to communicate with the Court via email and (2) the Court set a date for oral argument on the pending motion to dismiss. (Aug. 8, 2018, Chavez Letter, ECF No. 35.)

The Court will not allow the plaintiff to communicate directly with chambers via email. The plaintiff shall continue to file all correspondence through the Pro Se Intake Unit.

Regarding the plaintiff's request for oral argument, the Court will determine if oral argument is necessary after the parties have submitted their briefs on the pending motion to dismiss. The scheduling of oral argument does not obviate the

need for the parties to submit briefing to the Court on a pending motion to dismiss.

Thus, the plaintiff's requests to conduct email correspondence with the Court is **denied**. The request for oral argument is **denied without prejudice** until the Court has reviewed the papers.

## CONCLUSION

The Court has considered all of the arguments raised by the plaintiff. To the extent not specifically addressed, the arguments are either moot or without merit. As explained above, the plaintiff's motion for an extension of time to file his opposition to the defendants' motion to dismiss is **granted**. The plaintiff shall respond to the defendants' motion to dismiss by **September 7, 2018**. The defendants may reply by **September 21, 2018**. All other motions and requests are **denied**.

The Clerk of Court is directed to close Docket Number 33.

**SO ORDERED.**

**Dated:**     **New York, New York**
             **August 10, 2018**

                                            John G. Koeltl
                                       **United States District Judge**